**E-FILED**
Friday, 21 December, 2007  09:43:22 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| MARY LOGSDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:07-cv-03262-JES-CHE |
| ) | |
| GROUP INSURANCE FOR EMPLOYEES ) | Judge Scott |
| OF COLFAX CORPORATION, as Plan ) | |
| Administrator and LIFE INSURANCE ) | Magistrate Judge Evans |
| COMPANY OF NORTH AMERICA, a ) | |
| subsidiary of CIGNA CORPORATION, as ) | |
| Claims Administrator, ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT

Defendants, GROUP INSURANCE FOR EMPLOYEES OF COLFAX CORPORATION ("the Plan") and LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), by their counsel, Daniel K. Ryan and Peter E. Pederson, state as follows in answer to Plaintiff's Complaint:

### JURISDICTION

1.     This is an action by a Participant in an employee welfare benefit plan against the Defendants for damages to enforce her rights under the Plan to receive a continuation of her long-term disability income benefits, after Defendants falsely and in bad faith asserted Plaintiff was no longer disabled.  Jurisdiction is conferred on this Court by Sections 502 (e) and (f), 502 (a)(1)(A) and (B) and 502 (a)(2) and (3) of ERISA, 29 U.S.C. Section 1132(e) and (f), 1132 (a)(1)(A) and (B), 1132 (c)(1) and by 29 U.S.C. Section 1331 (a) and 28 U.S.C. Section 2201.

**ANSWER:**     Admit that plaintiff seeks to recover an award of long-term disability ("LTD") benefits under the Plan.  Admit that the Court has jurisdiction of this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e) and (f) and 28 U.S.C. § 1331.  Deny all remaining allegations in ¶ 1, including all allegations of bad faith and wrongdoing.

## VENUE

2.      The benefit denial took place within this district.  Venue is thus proper pursuant to 502 (e)(2) of ERISA, 29 U.S.C. Section 1132(c)(2).

**ANSWER:**     Admit that venue in this district is proper.  Deny all remaining allegations in ¶ 2.

## PLAINTIFF

3.      Plaintiff is a natural adult person and a resident of Litchfield, Illinois.  At all times material, she was a "participant" as defined by 29 U.S.C. Section 1002(7) in the group policy, number LK-030353, issued to Plaintiff's employer, Colfax Corporation and underwritten by Life Insurance Company of North America.

**ANSWER:**     Admit on information and belief that plaintiff resides in this judicial district.  Admit that plaintiff is a former participant in the Plan, as the term "participant" is defined in 29 U.S.C. § 1002(7). Admit that, as a participant, plaintiff had coverage under Group Policy LK-030353 ("Policy"), which LINA issued to Colfax Corporation.  Deny all remaining allegations in ¶ 3.

## DEFENDANTS

4.      At all times relevant, Colfax Corporation Long Term Disability Policy (Plan) is an "employee welfare benefit plan" as defined by 29 U.S.C. Section 1002(1).  Colfax Corporation ("Employer") is the Plan Administrator as defined in Section 3 (16) of ERISA, 29 U.S.C. Section 1001 (A).  Life Insurance Company of North America ("Life Insurance-NA"), a subsidiary of Cigna Corporation, is an insurance company which has, at all relevant time hereto, done business within this district and at all times acted as "claims administrator", "fiduciary", and "party-in-interest", within the meaning of Sections 3(14), (l6), and (21).

**ANSWER:**     Admit that the Plan is an "employee welfare benefit plan" as defined in 29 U.S.C. § 1002(1). Admit that LINA is an indirect subsidiary of CIGNA Corporation that does business in this district. Admit that LINA acted as a claim administrator and a "fiduciary" (as the latter term is defined under 29 U.S.C. § 1002(21)) for purposes of LTD benefits under the Plan. Deny all remaining allegations in ¶ 4.

**STATEMENT OF FACTS**

5.  Mary Logsdon was employed in a full-time capacity by Employer as a Packager until February 12, 2001, when she had to cease working due fibromyalgia and chronic back pain.

**ANSWER:** Admit that plaintiff's last day of work as an employee of Sierra International, Inc., a subsidiary of Colfax Corporation, was February 10, 2001. Deny the remaining allegations in ¶ 5.

6.  Subsequent to ceasing her employment, Mary Logsdon applied for benefits under the Plan stating that, due to her medical condition, she met the Plan definition of "Disabled", which provided her payment of benefits. Under the group disability policy, disability is defined as follows:

> "An Employee is Disabled if, because of Injury or Sickness,
> 1. he or she is unable to perform all the material duties of his or her regular occupation, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings; and
> 2. after Disability Benefits have been payable for 24 months, he or she is unable to perform the material duties of any occupation for which he or she may reasonable become qualified based on education, training or experience, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings."

**ANSWER:** Admit that plaintiff applied for LTD benefits under the Plan after her last day of work. Admit that ¶ 6 purports to quote the definition of Disability set forth in the Plan and Policy. Deny all remaining allegations in ¶ 6.

7.  On January 8, 2002, Life Insurance-NA determined that Mary Logsdon met the definition of disabled and she began receiving long-term disability benefits, retroactive from August 17, 2001. This information was provided in a letter from "CIGNA Group Insurance".

**ANSWER:** Admit that, on January 8, 2002, LINA, on behalf of the Plan, approved plaintiff for LTD benefits retroactive to August 11, 2001. Admit that the service mark "CIGNA Group Insurance" appears on the approval letter. Deny all remaining allegations in ¶ 7.

8.  In May 2003, Mary Logsdon began receiving Social Security Disability Insurance Benefits which were offset by Life Insurance-NA.

**ANSWER:** Admit that plaintiff was approved for Social Security Disability Insurance ("SSDI") benefits in June 2003. Admit that SSDI benefits offset the LTD benefit payable under the Plan and Policy. Deny all remaining allegations in ¶ 8.

9. On March 16, 2006, Mary Logsdon received a letter from "CIGNA Group Insurance", whose subsidiaries include Life Insurance-NA, denying her further disability benefits.

**ANSWER:** Admit that on March 20, 2006 LINA terminated plaintiff's LTD benefits based on medical evidence that established that she no longer met the definition of Disability set forth in the Plan and Policy. Admit that the service mark, "CIGNA Group Insurance," appears on the letter. Deny all remaining allegations in ¶ 9.

10. In its determination, Life Insurance-NA relied on a Supplemental Claim form from a physician Plaintiff had seen for four years and determined that "... the weight of the evidence in your claim file does not support your inability to perform your regular occupation or any occupation as defined by the contract. In addition, the medical evidence on file fails to document that you have been under the care of a physician for your condition." Additionally, the denial of benefits letter completely misstates the physician's statement regarding Mary Logsdon's disability.

**ANSWER:** Admit that ¶ 10 purports to quote LINA's letter that notified plaintiff of the termination of her LTD benefits. Admit that, in making the determination, LINA relied on the supplemental claim form prepared by Dr. Richard Brasington as well as all other evidence in the administrative record. Deny all remaining allegations in ¶ 10.

11. Mary Logsdon filed a timely appeal and submitted documentation supporting her claim that she met the definition of disability under the Plan.

**ANSWER:** Admit that plaintiff filed an internal appeal of the termination of her LTD benefits. Deny all remaining allegations in ¶ 11.

12. Despite substantive information from medical providers, Life Insurance-NA upheld its decision to terminate benefits.

**ANSWER:** Admit that LINA upheld the termination of benefits on behalf of the Plan because the evidence showed that plaintiff no longer met the applicable definition of Disability. Deny all remaining allegations in ¶ 12.

13. Mary Logsdon has exhausted her administrative remedies.

**ANSWER:** Admitted.

14. The determination that Mary Logsdon is no longer disabled is contrary to the terms of the Plan and has no rational support in evidence.

**ANSWER:** Denied.

15. As a direct and proximate result thereof, based on the evidence submitted to Defendants which establishes that Mary Logsdon has met the Plan's definition of disability continuously since the outset date of her disability, and that she continues to meet the definition of disability, Plaintiff is entitled to payment of monthly disability insurance benefits, plus interest on all overdue payments.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

1. To the extent plaintiff asserts common law or state law remedies, the claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U. S. C. § 1144.

2. Plaintiff's claims are barred for failure to comply with terms and conditions of the Plan.

3. In the event that this Court were to determine that plaintiff is entitled to long term disability benefits under the plan documents, plaintiff's claims are subject to the doctrines of setoff and recoupment in that she is receiving or has received other benefits which qualify as Other Income Benefits under the Plan and reduce the amount of any LTD benefit payable to her under the Plan.

4. Plaintiff's claims are barred, in whole or in part, on the ground that defendants have discharged their obligations to plaintiff.

6250981v1 883060

WHEREFORE, Defendants, Defendants, GROUP INSURANCE FOR EMPLOYEES OF COLFAX CORPORATION and LIFE INSURANCE COMPANY OF NORTH AMERICA, respectfully requests that this Court deny the relief sought in the complaint, dismiss plaintiff's claims with prejudice, and award defendants their costs.

    Respectfully submitted,

    GROUP INSURANCE FOR EMPLOYEES OF COLFAX CORPORATION and LIFE INSURANCE COMPANY OF NORTH AMERICA

Daniel K. Ryan  
Peter E. Pederson  
Hinshaw & Culbertson LLP  
222 N. LaSalle, Suite 300  
Chicago, IL 60601  
(312) 704-3000  
(312) 704-3001 (fax)

By: s/ Peter E. Pederson  
    One of their attorneys

6250981v1 883060

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on December 21, 2007, I e-filed this document using the Court's CM/ECF filing system, which will make a copy available to counsel of record identified below.

s/ Peter E. Pederson

## SERVICE LIST

Gregory A. Oliphant, Esq.
Law Office of Gregory a. Oliphant, P.C.
1001 Craig Road
Suite 305
St. Louis, Missouri 63146
Telephone:  (314) 968-9567
Facsimile:  (314) 872-2191
E-Mail:  gregoryoliphant@msn.com


Deborah A. Arbogast, Esq.
Deborah A. Arbogast, Attorney at Law
6959 Kingsbury Boulevard
University City, Missouri 63130
Telephone:  (413) 660-3920
Facsimile:  (314) 667-3421
E-Mail:  darbogast01@hotmail.com

6250981v1 883060