E-FILED
Friday, 20 June, 2008  11:08:51 AM
Clerk, U.S. District Court, ILCD

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARY LOGSDON,<br> Plaintiff | )<br>)<br>) | |
| | ) | 3:07-cv-03262 JES-BGC |
| vs. | )<br>)<br>) | Judge Scott |
| GROUP INSURANCE FOR EMPLOYEES<br>OF COLFAX CORPORATION as Plan<br>Administrator and LIFE INSURANCE<br>COMPANY OF NORTH AMERICA,<br>as Claims Administrator,<br> Defendants. | )<br>)<br>)<br>)<br>)<br>) | Magistrate Judge Cudmore |

## STATUS REPORT

Pursuant to the telephone conference held on May 6, 2008, before Magistrate Judge Byron G. Cudmore, Attorney Peter E. Perderson, Jr., for Defendant, and Attorney Deborah A. Arbogast, for Plaintiff; a status report is filed by Plaintiff.

1. Plaintiff and Defendant have been in settlement negotiations since the telephone conference on May 6, 2008. The parties have not reached a settlement but are continuing to attempt to settle the case.

2. In the event the case does not settle, it is the Plaintiff's position that the Defendants have not provided all plan documents, including the summary plan description, which Plaintiff has continually requested since the onset of this litigation.

3. Defendants failure to provide all plan documents is a violation under ERISA and is subject to statutory penalties. Plaintiff will want to amend her pleadings to allege Defendants failure to provide the requested documents within the next 30 days if Defendants have not complied with the aforesaid request. Defendants continued failure to provide the requested documents prevent this case from going forward and for Plaintiff to get the relief requested in her Complaint.

4. Defendant has provided a policy which does not meet the requirements under the as a "welfare benefit plan" under ERISA and the Department of Labor Regulations. Without the summary plan description and other documents, Plaintiff does not know if this case is

subject to ERISA. If this case is not subject to ERISA, then Plaintiff will need to amend her Complaint in order to allege state law remedies.

5. Defendants have led Plaintiff to believe that Defendants' will stipulate to de novo review. Plaintiff's position is that the standard of review cannot be discussed until documents are provided which indicate that this is an ERISA case.

6. Plaintiff needs discovery to determine whether this is an "employee welfare benefit plan" under ERISA, or whether this is a Plan protected by the "safe harbor" provisions under the Department of Labor Regulations. At present, Plaintiff cannot discuss the discovery issue any further than to indicate that Defendant has not shown Plaintiff any document that would indicate that this policy falls under ERISA.

7. If this case falls under ERISA then the standard of review is de novo. Plaintiff believes she is entitled to full discovery, pursuant to Rule 26 of the F.R.C.P. and subsequent provisions.

Respectfully submitted,

DEBORAH A. ARBOGAST, ATTORNEY AT LAW
Attorney for Plaintiff

By:/s/ Deborah A. Arbogast

DEBORAH A. ARBOGAST #6206510
6959 KINGSBURY BLVD.
UNIVERSITY CITY, MO. 63130
314-660-3920
Fax: 314-667-3421

GREGORY A. OLIPHANT
LAW OFFICE OF GREGORY A. OLIPHANT
Attorney for Plaintiff

By: /s/ Gregory A. Oliphant

7751 Carondelet Ave., Suite 500
Clayton, Missouri 63105
314-968-9567
Fax: 314-721-2602

## CERTIFICATE OF SERVICE

The undersigned states that a copy of the Status Report was sent by this court's electronic mailing system on the 20th day of June, 2008 to Pete Pedersen, Esquire, defense counsel for Defendants.

  /s/ Gregory A. Oliphant
     Gregory A. Oliphant